Núm. 7867.—ALFONZO ET AL., apldas. v. VALENCIA, aplte.— Octubre 29, 1940.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, el juez de la Corte de Distrito de Arecibo en 25 de abril 1938, por los motivos expresados en una opinión de igual fecha, dictó una sentencia que en su parte dispositiva reza como sigue:

"Por las expuestas razones: se declara con lugar la demanda y sin lugar la contrademanda, y en tal virtud, se declara nulo el contrato de hipoteca que consta por escritura número 6 de 2 de febrero de 1932 ante el Notario Gustavo Zeno Sama, otorgado por Pedro Alfonzo Rosso a favor de Manuel Valencia Estela, sobre la finca descrita en la demanda, y se ordena su cancelación en el Registro de la Propiedad de Arecibo, con costas al demandado, excluyendo honorarios de abogado."

POR CUANTO, los únicos errores señalados por Valencia Estela en su alegato son:

"Primero: La sentencia de la corte inferior es contraria a derecho.

"Segundo: La sentencia de la corte inferior es contraria a la prueba practicada."

POR CUANTO, aparte de que según la constante jurisprudencia de este Tribunal, la vaguedad y generalidad de los términos en que están redactados dichos señalamientos por sí solos justificarían una confirmación de la sentencia apelada sin necesidad de examinar el

argumento del apelante en apoyo de dichos señalamientos, hemos leído todo el alegato del cual se desprende que el apelante entiende:

(*a*) Que habiéndose, con el dinero del apelante ''según aparece de la declaración no contradicha de don Manuel Valencia, fabricádose una casa en la finca, esa casa aprovecha y beneficia a los dueños del inmueble y al aceptar ellos la casa y su construcción nada más lógico que ellos están implícitamente ratificando la gestión y por lo tanto dicha gestión les ha producido ventajas y beneficios por lo cual, en cuanto a esa ventaja y beneficio se refiere, debe sèr reembolsado el demandante (*sic*) apelante.''

(*b*) ''Que de un estudio que se haga de las inscripciones correspondientes a dicha finca en el registro de la propiedad no podría aparecer de dicho estudio la circunstancia que se apunta en la demanda, o sea la circunstancia de hijas naturales que María Clotilde y María Cristina Alfonzo Torres alegaban ser de Pedro Alfonzo Rosso.''

POR CUANTO, si bien Valencia declaró que los $800 primeramente prestados por él, lo fueron para la construcción de una casa en la finca hipotecada, fuera de esto no hay nada en la prueba que indique que el dinero prestado fuera así empleado.

POR CUANTO, de la segunda inscripción de la finca consta la existencia en la misma desde julio 5, 1899 de dos ranchos para la cosecha de café.

POR CUANTO, de la inscripción cuarta aparece que desde 8 de diciembre de 1903, existían en la finca una casa de madera y de paja y un rancho cobijado también de paja.

POR CUANTO, de la misma escritura de hipoteca por $800 otorgada a favor del demandado apelante en 28 de julio de 1927, resulta que en la finca hipotecada en aquel entonces existían: ''. . . una casa de dos plantas, de maderas, techada de zinc, de ocho metros de frente, por ocho de fondo, con su aljibe y caja de agua; otra casa de reciente construcción, de noventa pies de frente por treinta de fondo, de madera, cobijada de zinc y balcón de concreto y un aljibe y un ranchón cobijado de paja, de cinco metros de frente, por veinte de fondo, destinado a la recolección de tabaco.''

POR CUANTO, en la segunda hipoteca a favor del demandado apelante, otorgada en 2 de febrero de 1932, se describe la finca de la misma manera sin mención alguna de ninguna nueva construcción.

POR CUANTO, a falta de prueba más robusta sobre la supuesta inversión de los $800 originalmente prestados, no podemos asegurar que la corte de distrito al no resolver que las demandantes se habían enriquecido a expensas del demandado apelante y que en tal virtud estaban obligadas a reembolsar al demandado apelante en la suma de $800 o en suma alguna, cometiera error tan manifiesto que justifique

una revocación o modificación de la sentencia apelada—esto aparte de la carencia de señalamiento alguno en tal sentido.

POR CUANTO, entre los hechos declarados probados por el Juez de Distrito, encontramos los siguientes:

"Que esa nulidad afecta a la hipoteca otorgada a Valencia, se desprende de los siguientes hechos probados. El demandado conoció íntimamente a Pedro Alfonzo Rosso y a su familia, incluyendo a las hijas demandantes, mucho tiempo antes de su préstamo, y antes del certificado de venta a favor de Alfonzo. Cuando se hizo el contrato de hipoteca cuya nulidad se pide, ya estaba inscrito el testamento en cuanto al legado de la finca a favor de las demandantes, como hijas de Pedro Alfonzo Rosso, y aparecía también en dicho Registro, que quien había rematado la propiedad en la Colecturía, era el propio padre Pedro Alfonzo Rosso. Además, a la fecha de la hipoteca, ya las demandantes tenían el concepto de hijas legítimas, pues habían sido legitimadas por el casamiento de Pedro Alfonzo Rosso con la madre, y no podía caber duda alguna al demandado de que eran sus hijas, cuando Alfonzo remató la finca de ellas."

POR CUANTO, aparte de cualquier duda sobre la cuestión discutida por el apelante en su alegato referente a si constaba claramente o no en el registro de la propiedad el *status* de las demandantes como hijas de Pedro Alfonzo Rosso, es indiscutible el conocimiento de los hechos por Valencia según su propia declaración como testigo, no habiendo tratado de discutir el demandado apelante este aspecto del caso.

POR TANTO, se confirma la sentencia apelada que dictó la Corte de Distrito de Arecibo en abril 25, 1938.